UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

January 25, 2022

LETTER TO COUNSEL:

      RE:    *Kimberly B. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
                Civil No. TJS-20-2877

Dear Counsel:

On October 5, 2020, Plaintiff Kimberly B. petitioned this Court to review the Social Security Administration's final decision to terminate her disability insurance benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 16 & 21. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Kimberly B. was found disabled and entitled to DIB on February 1, 2013. Tr. 13. On November 3, 2016, the Commissioner determined that Kimberly B. was no longer disabled as of November 1, 2016. Tr. 13, 81, 98-99. Kimberly B. sought reconsideration, but the adverse determination was upheld by a Disability Hearing Officer. Tr. 102-17. After a hearing on October 29, 2019 (Tr. 35-62), an Administrative Law Judge ("ALJ") issued an opinion on December 11, 2019, finding that Kimberly B.'s disability ceased on November 1, 2016, but that she became disabled again on November 18, 2018 (Tr. 9-34). The Appeals Council denied Kimberly B.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Kimberly B.'s claim using the sequential process for determining whether a disability has ended as set forth in 20 C.F.R.§ 404.1594.[2] The ALJ determined that the

---

    [1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

    [2] An ALJ follows an eight-step sequential analysis to determine whether a recipient of DIB continues to be disabled. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021) (citing 20 C.F.R. § 404.1594(f)(1)-(8)). At step one, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1594(f)(1). At step two, the

"comparison point decision" was the decision on February 1, 2013, finding Kimberly B. disabled. Tr. 15. She was found disabled because her stomach cancer met the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "Listings"). *Id.* The ALJ found that Kimberly B. had not engaged in substantial gainful activity since the alleged onset date of disability and that she did not have since November 1, 2016, an impairment or combination of impairments that met or medically equaled the severity of an impairment in the Listings. Tr. 15-18. The ALJ found that medical improvement had occurred on November 1, 2016, which related to Kimberly B.'s ability to work, because by that date her stomach cancer no longer met or medically equaled a listed impairment. Tr. 18. Even though Kimberly B. continued to have severe impairments since November 1, 2016, the ALJ determined that she retained the RFC since that date and before November 18, 2018, "to perform light work as defined in 20 CFR 404.1567(b) EXCEPT: [she] is able to perform simple, routine tasks; able to interact with supervisors on a frequent basis and with coworkers and the public on an occasional basis." Tr. 18-19. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Kimberly B. could not perform past relevant work since November 1, 2016. Tr. 26. She, however, could perform from November 1, 2016, to November 17, 2018, several jobs existing in significant numbers in the national economy. Tr. 26-27. She thus was not disabled from November 1, 2016, to November 17, 2018, but became disabled again on November 18, 2018, through the date of the ALJ's decision. Tr. 27-28.

Kimberly B. argues that the ALJ's determination of her RFC from November 1, 2016, to November 17, 2018, does not account for her moderate limitation in concentrating, persisting, or maintaining pace ("CPP"), and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can

---

ALJ determines whether the claimant has an impairment, or a combination of impairments, that meets or medically equals the criteria of a listed impairment. *Id.* § 404.1594(f)(2). At step three, the ALJ determines whether medical improvement has occurred, *id.* § 404.1594(f)(3), and, at step four, whether the medical improvement is related to the claimant's ability to work, *id.* § 404.1594(f)(4). At step five, the ALJ will determine whether an exception to medical improvement applies in those cases where the ALJ did not find a medical improvement or found that the medical improvement was not related to the claimant's ability to work. *Id.* § 404.1594(f)(5). At step six, the ALJ determines whether the claimant's impairments are severe. *Id.* § 404.1594(f)(6). At step seven, the ALJ assesses the claimant's residual functional capacity ("RFC"), and whether the claimant can perform past relevant work. *Id.* § 404.1594(f)(7). The analysis concludes at step eight where the ALJ determines whether other work exists that the claimant can perform given his or her age, education, past work experience, and RFC. *Id.* § 404.1594(f)(8).

engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

Here, the ALJ found that, since November 1, 2016, Kimberly B. had a moderate limitation in her ability to concentrate, persist, or maintain pace. Tr. 16-17. The ALJ noted the opinion of F. Ewell, Ph.D., the state agency psychological consultant who opined that Kimberly B. "experiences moderate limitations in her ability to maintain attention and concentration for extended periods and complete a normal workday and workweek without interruptions." Tr. 23. Dr. Ewell ultimately opined that, despite these moderate mental limitations, Kimberly B. "[m]aintains [the] ability to perform tasks from [a] mental health stand point." Tr. 91. The ALJ found Dr. Ewell's opinion regarding Kimberly B.'s moderate limitations in her ability to maintain attention and concentration and to complete a normal workday and workweek were supported by her history of counseling and mood symptoms. Tr. 23.

The ALJ thus "explain[ed] how substantial evidence supports his conclusion as to [Kimberly B.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations). The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of Dr. [Ewell's] opinion with respect to [Kimberly B.'s] work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that [her] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Kimberly B.'s argument that remand is warranted under *Mascio* is without merit.

For the reasons set forth above, Kimberly B.'s Motion for Summary Judgment (ECF No. 16) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 21) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                              Sincerely yours,

                                              /s/
                                              Timothy J. Sullivan
                                              United States Magistrate Judge