UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

March 11, 2022

LETTER TO COUNSEL:

RE: *Kimberly B. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
Civil No. TJS-20-2877

Dear Counsel:

Presently pending is Plaintiff Kimberly B.'s Motion to Reconsider (ECF No. 25) the Court's January 25, 2022, order (ECF No. 24) granting summary judgment in favor of the Social Security Administration (the "SSA" or the "Acting Commissioner"). Plaintiff asks the Court to reconsider its decision to affirm the SSA's final decision (ECF No. 23). I have reviewed Plaintiff's motion (ECF No. 25) and the Acting Commissioner's response (ECF No. 26). No hearing is necessary. *See* Loc. R. 105.6. For the reasons set forth below, Plaintiff's motion is denied.

On October 5, 2020, Plaintiff petitioned the Court for review of the SSA's final decision to terminate her disability insurance benefits. ECF No. 1. Plaintiff argued that the SSA's decision failed to comply with the requirements of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). ECF No. 16. The Court found that the ALJ's decision was supported by substantial evidence and that the ALJ adequately explained the reasoning with respect to Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace ("CPP") (ECF No. 23). *Kimberly B. v. Kijakazi*, Civil No. TJS-20-2877, 2022 WL 214518 (D. Md. Jan. 25, 2022). The Court thus denied Plaintiff's motion for summary judgment, granted the Acting Commissioner's motion for summary judgment, and affirmed the SSA's final decision under 42 U.S.C. § 405(g). ECF Nos. 23-24. Plaintiff then filed her motion to reconsider. ECF No. 25.

Plaintiff has filed her motion to reconsider under Local Rule 105.10. ECF No. 25 at 1. The pending motion, filed within twenty-eight days of the Court's order granting the Acting Commissioner's summary judgment motion, is construed as a Rule 59(e) motion to alter or amend a judgment. *See Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960, at *1 (D. Md. Nov. 18, 2021) (Boardman, J.). "[A] final judgment may be amended under Rule 59(e) in only three circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Travis X. C. v. Saul*, No. GJH-18-1210, 2020 WL 6684636, at *2 (D. Md. Nov. 12, 2020) (Hazel, J.), *aff'd sub nom. Carr v. Kijakazi*, No. 20-2226, 2022 WL 301540 (4th Cir. Feb. 1, 2022) (unpublished). A Rule 59(e) motion

> "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." "[M]ere disagreement does not support a Rule 59(e) motion." Such limitations on Rule 59(e) motions are

necessary because "[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the [C]ourt—not to mention its patience." "[G]ranting a motion for reconsideration is an extraordinary remedy, which should be used sparingly."

*Id.* (alterations in original) (citations omitted).

For purposes of this motion for reconsideration, the Court will not reiterate the law and facts cited in its January 25, 2022, decision affirming the termination of benefits. *Kimberly B.*, 2022 WL 214518, at *1-2. Rather, the Court incorporates them by reference and briefly summarizes the ruling. The Court affirmed the SSA's final decision to terminate benefits because the decision complied with the *Mascio* requirement that an ALJ explain how substantial evidence supports his conclusion as to Plaintiff's CPP abilities in a work setting. Specifically, the state agency psychological consultant, F. Ewell, Ph.D., opined that, despite Plaintiff's moderate limitations in her ability to maintain attention and concentration for extended periods and to complete a normal workday and workweek without interruptions, she retained the residual functional capacity ("RFC") to perform tasks (namely, unskilled work) from a mental health standpoint (Tr. 23, 90-91, 92). The Court thus affirmed the SSA's final decision because Dr. Ewell's opinion constituted substantial evidence to support the ALJ's conclusion as to Plaintiff's CPP abilities in a work setting, which did not require other RFC limitations. *Id.* at *2 (citing *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017)).

Plaintiff argues that the Court legally erred in relying on *Shinaberry* and *Sizemore* when it found that the ALJ's decision comported with *Mascio*'s requirements. ECF No. 25 at 5-13. I find no legal error, however. "*Mascio* does not require that an ALJ credit all evidence of a potential CPP limitation. The narrow, technical error in *Mascio* was the [ALJ's] summarily accounting for a moderate CPP limitation with simple, routine tasks or unskilled work." *Terri S.*, 2021 WL 5395960, at *2 (citing *Mascio*, 780 F.3d at 638). "Subsequent Fourth Circuit decisions confirm that an ALJ may account for a moderate CPP limitation with an RFC determination that a claimant can complete simple, routine tasks provided the conclusion is supported by substantial evidence." *Id.* (citing *Shinaberry*, 952 F.3d at 121–22; *Sizemore*, 878 F.3d at 80–81). To the extent that Plaintiff argues that Dr. Ewell's opinion cannot constitute substantial evidence for a claimant's CPP-related capabilities because the ALJ did not accommodate every limitation contained in the opinion, the Fourth Circuit rejected that argument in *Sizemore*. *Id.*

Further, this Court previously considered and rejected Plaintiff's argument that an ALJ necessarily violates the rule set forth in *Mascio* by failing to include in the RFC determination all limitations referenced in an opinion to which an ALJ affords substantial weight. *Id.* (citing *Angela E. v. Kijakazi*, Civil No. DLB-20-1888, 2021 WL 4290285, at *3–4 (D. Md. Sept. 20, 2021) (Boardman, J.); *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.)). In short, the ALJ cited substantial evidence supporting his conclusion that Plaintiff could maintain CPP when confined to simple, routine tasks (Tr. 19, 23). Thus, no error under *Mascio* occurred. *See id.*; *accord Tiffany M. v. Kijakazi*, Civil No. TJS-21-770, 2022 WL 137980, at *2-3 (D. Md. Jan. 14, 2022).

Last, to the extent that Plaintiff raises arguments not previously raised in her motion for summary judgment or in her response to the Acting Commissioner's motion for summary judgment (ECF Nos. 16 & 22), those arguments are unavailing because, as noted above, "Rule 59(e) may not be used to raise new arguments or present novel legal theories that could have been raised prior to judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 404 (4th Cir. 1998).

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 25) is **DENIED**. Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge